**WO**                                                                                                     KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jamonz Majerrious Ross, | No. CV 11-60-PHX-JAT (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

On January 7, 2011, Plaintiff Jamonz Majerrious Ross, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a January 27, 2011 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 4, 2011, Plaintiff filed a First Amended Complaint (Doc. 8) and second Application to Proceed *In Forma Pauperis* (Doc. 7). Because Plaintiff has already been granted *in forma pauperis* status, the Court will deny as moot the second Application to Proceed. The Court will also dismiss the First Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

1  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
2  be granted, or that seek monetary relief from a defendant who is immune from such relief.
3  28 U.S.C. § 1915A(b)(1), (2).

4  A pleading must contain a "short and plain statement of the claim *showing* that the
5  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
6  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
7  unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
8  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
9  statements, do not suffice." Id.

10 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
11 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
12 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
13 that allows the court to draw the reasonable inference that the defendant is liable for the
14 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
15 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
16 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
17 allegations may be consistent with a constitutional claim, a court must assess whether there
18 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

19 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
20 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
21 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
22 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
23 94 (2007) (*per curiam*)).

24 **II.    First Amended Complaint**

25 Plaintiff names the following Defendants in the First Amended Complaint: Maricopa
26 County Superior Court Judge Sammuel Thumma, Superior Court Commissioner Lisa
27 Roberts, and State's Attorney April Arlene Sponsel.

28

- 2 -

1  Plaintiff raises one ground for relief in which he claims his Fifth and Fourteenth
2  Amendment rights are being violated because he has not been given a preliminary hearing
3  or timely indictment.[1]  Plaintiff seeks to have Defendants "brought to justice or fired."

4  **III.   Failure to State a Claim**

5  Judges are absolutely immune from § 1983 suits for damages for their judicial acts
6  except when they are taken "in the clear absence of all jurisdiction." Stump v. Sparkman,
7  435 U.S. 349, 356-357 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  An
8  act is "judicial" when it is a function normally performed by a judge and the parties dealt
9  with the judge in his or her judicial capacity. Stump, 435 U.S. at 362; Crooks v. Maynard,
10  913 F.2d 699, 700 (9th Cir. 1990).

11  This immunity attaches even if the judge is accused of acting maliciously and
12  corruptly, Peirson v. Ray, 386 U.S. 547, 553-54 (1967), or of making grave errors of law or
13  procedure. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); see also Ammons
14  v. Baldwin, 705 F.2d 1445, 1446-48 (11th Cir. 1983) (judge entitled to immunity from a
15  claim that he verbally abused and humiliated plaintiff); Tanner v. Heise, 879 F.2d 572, 577-
16  78 (9th Cir. 1989).

17  Regardless of the judge's status in the judicial hierarchy, a judge has absolute
18  immunity for acts performed in the judge's official capacity. O'Neill v. City of Lake
19  Oswego, 642 F.2d 367 (9th Cir. 1981) (*pro tem* municipal judge); Tanner, 879 F.2d at 577-78
20  (magistrate); Brewer v. Blackwell, 692 F.2d 387, 396 (11th Cir. 1982) (justice of the peace).

21  Accordingly, Defendants Thumma and Roberts are absolutely immune from suit and
22  must be dismissed.

23  Similarly, prosecutors are absolutely immune from liability under § 1983 for their
24  conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct
25  is "intimately associated with the judicial phase of the criminal process." Buckley v.
26  Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430

27
28      [1]This claim is entirely unrelated to the claims in Plaintiff's original Complaint which challenged the conditions of his confinement.

- 3 -

1  (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991); Ashelman, 793 F.2d at 1076.  Plaintiff has
2  therefore failed to state a claim against Defendant Sponsel.

3  **IV.     Dismissal without Leave to Amend**

4      As no Defendants now remain, the Court will dismiss the Amended Complaint.
5  Where amendment would be futile, there is no reason to prolong litigation by allowing
6  further amendments.  Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir.2002);
7  Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293
8  (9th Cir.1983) (futile amendments should not be permitted).  The Court finds that Plaintiff's
9  claims cannot be cured by further amendment and will therefore dismiss the Amended
10 Complaint without leave to amend.

11 **IT IS ORDERED:**

12     (1)     Plaintiff's March 4, 2011 Application to Proceed *In Forma Pauperis* (Doc. 7)
13 is **denied as moot**.

14     (2)     Plaintiff's First Amended Complaint (Doc. 8) and this action are **dismissed**
15 for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

16     (3)     The Clerk of Court must make an entry on the docket stating that the dismissal
17 for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

18     (4)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
19 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this
20 decision would not be taken in good faith.

21     DATED this 16th day of March, 2011.

James A. Teilborg
United States District Judge

- 4 -